UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE R. GREWCOCK, as Administrator of ) <br> The Estate of CAROL ANN DRISCOLL ) | CIVIL ACTION NO. |
| ) | |
| v. ) | |
| ) | |
| ENFIELD SCUBA & WATERSPORTS, LLC, ) <br> and MICHAEL DUDEK ) <br> ) | March 11, 2020 |

## COMPLAINT

1. Plaintiff Jane R. Grewcock brings this action for wrongful death under the provisions of Conn. Gen. Stat. § 52-555 on behalf of the Estate of Carol Ann Driscoll, as the appointed administrator of that estate.

2. At the time of her death Carol Ann Driscoll was a citizen of the Commonwealth of Massachusetts.

3. Defendant Enfield Scuba & Watersports, LLC ("Enfield Scuba"), is a limited liability corporation organized under the laws of the State of Connecticut with a principal place of business in Enfield, Connecticut, and no member of the LLC is a citizen of the Commonwealth of Massachusetts.

4. Defendant Michael Dudek is a citizen of the State of Connecticut.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District and the

incident at issue occurred in this District.

7. On September 22, 2018, Driscoll was enrolled in an advanced open water diving class through Enfield Scuba, which involved SCUBA diving to a depth of approximately 60 feet in West Hill Pond in the Town of New Hartford.

8. The class was taught by Dudek.

9. At all relevant times Dudek was acting as an employee, agent, or apparent agent of Enfield Scuba, within the scope of his employment, agency or apparent agency.

10. Defendants Enfield Scuba acting through its employees, agents or apparent agents, and Dudek, had a responsibility to take reasonable measures to protect the safety of class participants including Driscoll.

11. When the other divers in the group surfaced from a depth of approximately 60 feet, including the instructor, Driscoll did not.

12. Driscoll was found at the bottom of the lake in about 60 feet of water and was not breathing.

13. Driscoll was then transported to a hospital in Hartford where she died on September 23, 2018.

14. The Office of Chief Medical Examiner determined that Driscoll's case of death was complications from drowning, and the manner of death was a scuba diving accident.

15. A substantial factor leading to the death of Driscoll was the negligence of Enfield Scuba, and/or the negligence of one or more of its employees, agents or apparent agents acting within the scope of their employment, agency or apparent agency, in one or more of the following ways:

   a) Defendant Enfield Scuba failed to properly train and qualify its instructors;

    b)    Defendant Enfield Scuba failed to exercise reasonable care in hiring, training, and/or supervision of personnel;

    c)    Defendant Enfield Scuba failed to have a proper emergency action plan and failed to properly execute an emergency action plan;

    d)    Defendants failed to provide for a briefing to implement a "buddy" system to keep track of class participants;

    e)    Defendants failed to complete a careful gear check leading to functional issues with Driscoll's mask and Driscoll's buoyancy inflator not being connected properly;

    f)    Defendants failed to provide for a weight check;

    g)    Defendants failed to adequately monitor Driscoll while she was underwater despite her limited diving skills and experience and despite very limited visibility;

    h)    The instructor continued with the dive in extremely low-visibility conditions without ensuring that Driscoll was not in distress;

    i)    The instructor surfaced at the end of the dive without ensuring that all members of the class were aware of and followed the instruction to surface, leaving Driscoll at the bottom of the pond in low visibility conditions.

16.    The Estate of Carol Ann Driscoll has sustained damages as a result of that negligence, including loss of life, loss of enjoyment of life, medical bills, and lost earning capacity, and Jane Grewcock as the administratrix of her estate is entitled to recover damages on behalf of the estate.

WHEREFORE, plaintiff claims:

1. Damages.

2. Costs.

3. Such other relief to which the plaintiffs are entitled by law or equity.

Dated at Bridgeport, Connecticut this 11th day of March 2020.

THE PLAINTIFF,

By _____
William M. Bloss, CT01008
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Juris No. 032250
TEL: 203-336-4421
Fax: 203-368-3244
Email:bbloss@koskoff.com

4